UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY ALLEN HART,
     Plaintiff,

v.                              Case Nos.   8:22-cv-716-CEH-SPF

ROGER POWELL,
     Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's civil rights complaint (Doc. 1).

Within the complaint, Plaintiff requests to proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by

adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this section
> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action
> or appeal in a court of the United States that was dismissed
> on the grounds that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one

of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee

in full at the time the lawsuit is initiated. *Dupree v. Palmer,* 284 F.3d 1234, 1236

(11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even

*sua sponte,* under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001

(11th Cir. 2012).

Plaintiff has filed many actions that qualify as "strikes" under Section 1915(g), including: *Hart v. Judd*, 8:11-cv-1590-T-VMC-TBM, *Hart v. State of Florida*, 8:13-cv-2533-JSM-MAP, *Hart v. Knight*, 8:16-cv-1337-VMC-JSS, *Hart v. Hays*, 16-cv-1391-EAK-TGW; *Hart v. Murphy*, 8:16-cv-1976-MSS-MAP; *Hart v. Fla. Dep't of Corr.*, 8:16-cv-2109-SDM-AEP; *Hart v. Auburndale Police Dep't*, 8:18-cv-2117-SDM-AEP; *Hart v. Auburndale Police Dep't.*, 8:20-cv-1796-WFJ-TGW, and *Hart v. Grady Judd*, 8:21-cv-1620-WFJ-JSS.

Because he has had at least three prior dismissals that qualify under Section 1915(g) and because he has not alleged that he is in imminent danger of serious physical injury in the present case[1], Plaintiff is not entitled to proceed *in forma pauperis*. This preclusion against proceeding *in forma pauperis* is not an adjudication on the merits of the present civil rights complaint. Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full at the time he files the complaint.

Accordingly, it is **ORDERED** that this case is **DISMISSED without prejudice** to the filing of a new complaint, in a new case, with a new case number, upon the payment of the filing fee. The **CLERK** is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on April 12, 2022.

Charlene Edwards Honeywell
United States District Judge

---

[1] Plaintiff sues Defendant Roger Powell, an assistant state attorney, for what appears to be malicious prosecution.

2

Copies furnished to:
All parties of record including unrepresented parties if any